IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BARBARA J. VAN DORN, an individual, ) | |
| ) | No. 14-cv-03920 |
| Plaintiff, ) | |
| v. ) | Judge Sharon Johnson Coleman |
| ) | |
| JOHN PETERS, an individual, and PETERS ) | |
| FINANCIAL GROUP, INC., an Illinois ) | |
| corporation, ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

On May 28, 2014, Barbara J. Van Dorn ("Plaintiff") filed a four-count complaint against Defendants John Peters ("Peters") and Peters Financial Group, Inc. ("PFG") (collectively, the "Defendants") in the United States District Court for the Northern District of Illinois. The Complaint alleges common law fraud, violations of the Illinois Securities Law of 1953, and also seeks relief under theories of equitable estoppel and promissory estoppel. Defendants moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b).

**BACKGROUND**

The following facts are based on Van Dorn's Complaint and attached exhibits, and are accepted as true for the purposes of resolving Defendants' motion to dismiss. Start-up company OneBig Tent operated two lines of business: a money transfer business and an online discount membership shopping site. It was initially led by Chief Executive Officer ("CEO") Ken Jakubowski.

Van Dorn made her first investment in OneBig Tent on July 16, 2010. The money transfer portion of the business suffered financially in 2011 and 2012. Between June and September of 2011, however, the principals of OneBig Tent solicited an additional investment from Van Dorn. In June

1

2011, OneBig Tent's president resigned and the company added a financial committee to its executive staff, adding John Peters as one of its "Financial Strategic Consultants."

Relying on the executive team's representations about OneBig Tent's "health" and the online membership shopping market, Van Dorn invested an additional $250,000 on September 20, 2011. Both of these investments were in the form of a "note which could be converted into a membership interest" in the company. Complaint, dkt 1, ¶¶ 16 and 19. OneBig Tent continued to suffer financially.

The executive team again solicited Van Dorn for an additional investment. Van Dorn was "refused to contribute any more money to the failing enterprise without a personal guarantee from one of its principals." *Id.* at ¶ 22. She alleges that to induce her into making a third loan to OneBig Tent, Peters promised that his company, Peters Financial Group, Inc., would guarantee Van Dorn's third loan. *Id.* at ¶ 23(a). From June 26-29, 2012, Peters and Jakubowski, CEO of OneBig Tent, exchanged emails with Van Dorn in which they outlined the terms of her investment and the guaranty. *See* Dkt 1, Ex. 1. On June 29, 2012, Peters forwarded to Van Dorn an e-mail from his lawyer, "Dean," setting forth the guaranty terms and attaching a draft guaranty agreement which provided that Van Dorn's investment for $250,000. *Id.* In his e-mail forward, Peters stated he had not yet read the guaranty draft and that he, Van Dorn, and Jakubowski should follow up with any proposed revisions. *Id.*

On July 2, 2012, Peters confirmed to her that the terms of the Guaranty were acceptable and "reiterated his promise that Peter's (*sic*) Financial would guarantee Ms. Van Dorn's investment[.]" Dkt. 1, ¶ 23(d). That same day, Van Dorn authorized a $200,000 wire transfer to OneBig Tent, and the company received the funds on July 6, 2012.

On July 5, 2012, Jakubowski emailed Van Dorn executed copies of the promissory note and warranty agreement, as well as an unsigned and revised copy of the guaranty, reflecting the $200,000

2

investment amount. Dkt 1, ¶ 26, Ex. 3 and 4. Jakubowski also advised Van Dorn to call Peters to arrange execution of the guaranty, stating that it would likely be sufficient if Van Dorn signed and returned the guaranty to Peters for his electronic signature. Ex. 2. Van Dorn returned the guaranty with her signature to OneBig Tent. The guaranty was never signed by Peters. Compl. ¶ 27, ¶ 29.

Jakubowski notified investors, including Van Dorn, on September 24, 2013, that OneBig Tent had encountered insurmountable financial obstacles and that it was winding up its business. Dkt 1, Ex. 6. Van Dorn called Peters the next day to demand payment. Months after she did not receive a response, Van Dorn mailed Peters a certified letter on January 6, 2014, again demanding payment. Dkt 1, Ex. 7. After speaking with her on the phone on January 13, 2014, Peters followed-up with Van Dorn in a letter dated January 17, 2014, summarizing their telephone conversation. Peters' letter stated that prior to her July 2012 investment, Peters told OneBig Tent CEO Jakubowski that he was unwilling to provide a guarantee. *Id.* at Ex. 8. However, Peters did not inform Van Dorn of his decision not to guaranty her loan pursuant to the advice of counsel, who advised him not to dissuade other investors and because the attorney believed that Van Dorn, like other investors, would conduct her own due diligence. *Id.* Peters stated that he out of town when Van Dorn decided to fund the loan in July 2012 and he was surprised to learn Jakubowski had closed the loan without Peters' guaranty. *Id.* Peters' concluded that she had done her due diligence and determined that the loan was the proper investment for her. Van Dorn has not been reimbursed by Peters, Peters Financial Group, or OneBig Tent, and has brought this suit against all three to recoup her losses.

**LEGAL STANDARD**

When reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true all well-pleaded facts alleged in the complaint and construes all reasonable inferences in favor of the

3

nonmoving party. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

**DISCUSSION**

*Pleading under Rule 12(b)(6)*

Van Dorn alleges that Defendants made the following misrepresentations: Peters promised that his company PFG would guaranty her third loan to OneBig Tent and sent a draft Guaranty Agreement reflecting the same which explicitly stated that the Guaranty is made to "induce" her into loaning OneBig Tent an additional $200,000. She alleges that Peters made these misrepresentations and misstatements despite knowing they were false when made. Defendants argue that Van Dorn failed to properly allege acts that constitute fraud where she alleges promissory fraud without also alleging a scheme to defraud. They also argue that her complaint and exhibits demonstrate that she cannot allege that she justifiably relied on any alleged misrepresentation.

The parties agree that the substantive law of the state of Illinois governs. Promissory fraud occurs when a party makes a promise of performance without intending to keep the promise, while intending for another party to rely on it, and that party relies on the promise to its detriment. *Frontline Commc'ns, Inc. v. Comcast Corp.*, No. 12-cv-8527, 2013 WL 4777370, *2 (N.D. Ill. Sept. 5, 2013) (Coleman, J.). Although promissory fraud is not generally actionable in Illinois, it can be actionable if a plaintiff alleges "a scheme employed to accomplish the fraud." *Steinberg v. Chicago Medical School*, 371 N.E.2d 634, 641 (Ill. 1977). (citations omitted). To survive a motion to dismiss, a plaintiff relying on a theory of promissory fraud must allege specific, objective manifestations of

4

fraudulent intent of a scheme or device to defraud. The Seventh Circuit concluded that promissory fraud is actionable "only if it either is particularly egregious or, what may amount to the same thing, it is embedded in a larger pattern of deceptions or enticements that reasonably induces reliance and against which the law ought to provide a remedy." *J.H. Desnick v. American Broadcasting Cos.*, 44 F.3d 1345, 1354 (7th Cir. 1995).

Van Dorn's claim of promissory fraud fails because she does not specifically allege that Peters' promises were part of a scheme to defraud her of the guaranty and of the $200,000 loan proceeds. *See e.g., Ault v. C.C. Servs., Inc.*, 597 N.E.2d 720, 722 (Ill. App. Ct. 1992) (affirming dismissal of promissory fraud action where the plaintiff failed to allege a scheme and instead recited the elements for traditional common law fraud). The complaint reveals that she and Peters negotiated but that they never finalized the guaranty agreement. The exhibits attached to the complaint reveal that Peters' last written contact with Van Dorn stated that he had not yet had a chance to review the draft guaranty agreement. Peters wrote, "let's all look at [the guaranty agreement] over the weekend and then if we need any changes we can have Dean make them on Monday." Van Dorn points to nothing in the record to lead the Court to conclude that Van Dorn, that Peters finalized their negotiations and that Peters intended to execute the draft agreement, or that Peters never intended to guaranty the loan and only said he would in order to induce her into making the loan.

Moreover, Van Dorn has not sufficiently alleged that she was justified in relying on Peters' alleged misrepresentations. To state a prima facie case for common law fraud or promissory fraud under Illinois law, justified reliance is required. *Soules v. General Motors Corp.* 402 N.E.2d 599, 601 (1980); *see also Davis v. G.N. Mortgage Corp.*, 396 F.3d 869, 882 (7th Cir. 2005). A party's reliance on another's misrepresentations is unjustified when the party has the opportunity and ability to ascertain the truth of the misrepresentation before relying on them. *Davis*, 396 F.3d at 883.

5

Van Dorn insisted on a guaranty for her investment before she would make the investment, yet she transferred the funds to OneBig Tent without having the purported guarantor, Peters, sign the agreement. Indeed, there is no indication in the record that she even followed-up with Peters or OneBig Tent when she never received a fully executed agreement. Moreover, at the time that she made the third loan to OneBig Tent, Van Dorn had invested over half a million dollars in the company, a company that she knew was failing. Yet, she failed to conduct her due diligence in obtaining a fully executed guaranty agreement before making a third loan to OneBig Tent for $200,000, particularly where the parties anticipated and she demanded a guaranty agreement. *See e.g.*, *Davis*, 396 F.3d at 882-83.

Van Dorn argues in her response to Defendants' motion to dismiss that she justifiably relied on Peters' promise to guaranty because he was her fiduciary as an officer and director of OneBig Tent who owed her duties of "honesty, loyalty, good faith, diligence, and fairness." Van Dorn failed to allege this in her Complaint. Further, she did not and cannot allege that she justifiably relied on a misrepresentation when she funded the loan without a fully executed agreement. For these reasons, Van Dorn's fraud claim fails to state a claim upon which relief can be granted.

Similar to Van Dorn's fraud claim, her remaining claims also fail because, as explained above, she has not alleged that she reasonably relied on Peters' alleged misrepresentation. *See Platinum Partners Value Arbitrage Fund, Ltd. P'ship v. Chicago Bd. Options Exch.*, 976 N.E.2d 415, 423 (Ill. App. Ct. 2012) (requiring allegation of reasonable reliance for Illinois Securities Act claim); *Geddes v. Mill Creek Country Club, Inc.,* 751 N.E.2d 1150, 1157 (Ill. 2001)(requiring allegation of reasonable reliance in equitable estoppel claim); and *Quake Const., Inc. v. Am. Airlines, Inc.*, 141 Ill. 2d 281, 309-10, 565 N.E.2d 990, 1004 (1990) (requiring allegation of reasonable and justifiable reliance in promissory estoppel claim). The terms "justifiable" and "reasonable" when considering reliance are

6

used interchangeably. *See e.g., Tirapelli*, 813 N.E.2d at 1142. Therefore, all four counts of Van Dorn's complaint fail to state a claim upon which relief can be granted.

*Pleading under Rule 9(b)*

Claims alleging fraud must satisfy the heightened pleading requirement of Rule 9(b), which requires that "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To survive a motion to dismiss, fraud claims "must describe the who, what, when, where, and how of the fraud." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441–42 (7th Cir. 2011). Furthermore, "a complaint that attributes misrepresentations to all defendants, lumped together for pleading purposes, generally is insufficient." *Id.*

Although Van Dorn identifies OneBig Tent as one of the defendants in the introductory paragraph of her complaint, she fails to allege when, where, and how OneBig Tent participated in any of the misrepresentations. She also fails to allege any specifics as to when Peters promised to guaranty the third loan, when he "confirmed" the guaranty terms were acceptable, and when he "reiterated" his promise that PFG would guaranty the investment. *See* Dkt 1, ¶ 23(a) and (d). Most importantly, Van Dorn fails to allege whether the guaranty terms "confirmed" by Peter were those in the draft guaranty (Dkt 1, Ex. 1), the guaranty that she signed (*Id.* at Ex. 5) or another version of the guaranty. *See Id.* at ¶23(d). Even the attached guaranty agreement that Van Dorn signed does not include the date of signature. *See* Dkt 1, Ex.5. Taken together, these gaps in Van Dorn's complaint fail to meet the heightened pleading requirements of Rule 9(b).

**CONCLUSION**

The Court grants Defendants' motion to dismiss without prejudice for 30 days. The Court grants Van Dorn leave to file a motion for leave to amend her Complaint, if she chooses to file such a motion, in order to show the Court how her proposed amended complaint would resolve the

substantive and pleading deficiencies outlined in this memorandum. Failure to file a timely motion will result in dismissal with prejudice.

IT IS SO ORDERED.

_____
Date: March 24, 2015

                                                Sharon Johnson Coleman
                                                United States District Judge