UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BARBARA J. VAN DORN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14-cv-3920 |
| | ) |
| JOHN PETERS, KENNETH | ) Judge Sharon Johnson Coleman |
| T. JAKUBOWSKI, and PETERS | ) |
| FINANCIAL GROUP, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Barbara J. Van Dorn ("Van Dorn") filed an eight count complaint against Kenneth Jakubowski ("Jakubowski"), John Peters ("Peters"), and Peters' company, Peters Financial Group ("PFG"), alleging Defendants illegally lied to her about the conditions under which she would be contributing capital to the company OneBig Tent in order to induce her contribution. Defendants move to dismiss all the claims brought against them. For the reasons stated below, the Court grants in part and denies in part the motions.

**Background**

The following facts taken from the complaint are accepted as true for purposes of ruling on the motions to dismiss now before the Court. OneBig Tent was an LLC formed under the laws of Delaware whose Chief Executive Officer was Jakubowski. Dkt. 28 ¶¶ 8-11. In June 2011, OneBig Tent created a finance committee, which included Peters in the role of "Financial Strategic Consultant." *Id.* ¶ 11. In that capacity, Peters directed an overhaul of OneBig Tent's day-to-day financial operations. *Id.* ¶ 12. In 2010 and 2011, Van Dorn made two contributions of start-up capital to OneBig Tent. Dkt. 28 ¶¶ 8, 17, 20. Van Dorn's contributions to OneBig Tent were made in the form of convertible loans, meaning that when the loans matured, Van Dorn could either have

the money she contributed returned to her with interest or converted into a membership interest in OneBig Tent. *Id.* ¶ 18, 21. After Van Dorn's first two loans to OneBig Tent, the LLC again solicited additional funds from Van Dorn. *Id.* ¶ 23. Van Dorn was only willing to make an additional contribution if a principal of OneBig Tent would guarantee her loan. *Id.* ¶ 24. Van Dorn alleges that Peters and Jakubowski worked together to "trick" her into investing an additional $200,000 by having Peters promise to execute a guaranty on her loan ("the Guaranty") while Jakubowski convinced Van Dorn to release the funds before the Guaranty was actually executed. *Id.* ¶¶ 25-26. Throughout June 26 through July 2, 2012, Van Dorn, Peters, and Jakubowski were all in communication via email about the Guaranty and Van Dorn's potential third loan to OneBig Tent. *Id.* ¶¶ 28-37. On July 2, Peters and Van Dorn had a telephone conversation during which Peters orally promised he would execute the Guaranty. *Id.* ¶ 34-35. Following that conversation, Van Dorn authorized $200,000 to be sent to OneBig Tent. *Id.* ¶ 38. Van Dorn alleges that prior to her releasing the funds for the third loan, Peters and Jakubowski both knew but failed to disclose that Peters did not actually intend to execute the Guaranty. *Id.* ¶¶ 41-42. Van Dorn's belief that Jakubowski knew about Peters intentions is based on a 2014 letter from Peters to Van Dorn in which Peters states, "[p]rior to your funding of the $200,000 loan, I had a conversation with Ken Jakubowski during which . . . I told him . . . I would not be willing to sign a guaranty." Dkt 28-3 at 2. After having disbursed the third loan to OneBig Tent, Van Dorn signed the Guaranty and sent copies to Jakubowski and Peters, but did not receive a fully executed copy back from Peters. *Id.* ¶ 45. In 2013, OneBig Tent ceased operations. *Id.* ¶ 47. Van Dorn then demanded that Peters reimburse her for her $200,000 loan to OneBig Tent, but Peters refused. *Id.* ¶ 48-49. Van Dorn never received a reimbursement of her third loan from either Peters or Jakubowski. *Id.* ¶ 50.

**Legal Standard**

A complaint will survive a motion to dismiss under Rule 12(b)(6) if its well-pleaded facts when accepted as true and viewed in the light most favorable to the plaintiff state a plausible claim for which relief can be granted. *Vesely v. Armslist LLC*, 762 F.3d 661, 664 (7th Cir. 2014). If a copy of a written instrument is attached to a pleading, it is "a part of the pleadings for all purposes." Fed. R. Civ. P. 10. Additionally, exhibits attached to a motion to dismiss are considered part of the pleadings if they are referred to in the complaint and are central to the claims. *Wright v. Associated Ins. Companies Inc.,* 29 F.3d 1244, 1248 (7th Cir.1994). Facts alleged in a complaint are accepted as true except when contradicted by an exhibit considered part of the pleadings. *Bogie v. Rosenberg,* 705 F.3d 603, 609 (7th Cir. 2013).

**Discussion**

*Breach of Fiduciary Duty*

Both Peters and Jakubowski move to dismiss the breach of fiduciary claims brought against them. Peters argues that Van Dorn cannot allege Peters owed her any fiduciary duties. Jakubowski argues that he had no duty to disclose his communications with Peters to Van Dorn because they were "private." Both Peters and Jakubowski also argue that under Delaware law, fiduciary duties only arise in specific enumerated contexts that are not present in this case.

Under the internal affairs doctrine, a suit for breach of fiduciary duty is governed by the law of the state of incorporation. *CDX Liquidating Trust v. Venrock Associates*, 640 F.3d 209, 212 (7th Cir. 2011). As OneBig Tent was incorporated in Delaware as an LLC, the Court will apply Delaware law. Under Delaware law, the default rule imbues Managers and managing members of an LLC with fiduciary duties. *Feeley v. NHAOCG, LLC,* 62 A.3d 649, 662 (Del. Ch. 2012). Passive members, however, are not fiduciaries. *Id.* Other persons involved with an LLC may have fiduciary duties if

they control a Manager or managing member. *Id.* These default rules may be altered by the LLC agreement. *Kyle v. Apollomax, LLC,* 987 F. Supp. 2d 519, 524 (D. Del. 2013).

Here, the LLC Agreement ("the Agreement") is explicit that control of OneBig Tent lies exclusively with the Manager and any appointed officers, and that ordinary members of the LLC do not owe fiduciary duties. The Agreement by its terms does not designate Peters as either the Manager or an appointed officer. Although the complaint alleges Peters exercised some managerial-like functions, that allegation is not sufficient to permit the inference that Peters controlled OneBig Tent's officers. Nor does it permit the inference that Peters' control over the operations of OneBig Tent was so extensive that the Court should disregard the Agreement's indication that fiduciary duties are limited to the Manager and officers of the LLC. Consequently, Peters did not owe Van Dorn fiduciary duties.

In contrast to Peters, Jakubowski is by the terms of the Agreement an officer of OneBig Tent with management authority. Accordingly, under Delaware law he owed members like Van Dorn fiduciary duties. *Kyle,* 987 F. Supp. 2d at 524. "When fiduciaries communicate with their beneficiaries in the context of asking the beneficiary to make a discretionary decision . . . the fiduciary has a duty to disclose all material facts bearing on the decision at issue." *Metro Commc'n Corp. BVI v. Advanced Mobilecomm Techs. Inc.,* 854 A.2d 121, 156 (Del. Ch. 2004). Jakubowski argues that because Peters was not a formal officer of OneBig Tent, the communications between the two were "private" and therefore exempt from any fiduciary duty to disclose. But Jakubowski has not cited any law which shows that "private communications" are exempt from the category of "material facts" that a fiduciary must disclose, and the Court is not aware of any such carve-out under Delaware law.

Here, Van Dorn has alleged that she and Jakubowski were in communication about her discretionary decision to provide OneBig Tent with additional capital, and before that decision was

4

effectuated, Jakubowski knew but failed to disclose that Peters would not be executing the Guaranty. These alleged facts are sufficient to state a claim that Jakubowski breached his fiduciary duties to Van Dorn.

*Justifiable Reliance*

Defendants argue that the fraud, estoppel, and securities claims fail because as a matter of law Van Dorn's reliance on Peters' alleged oral promise to execute the Guaranty was not justified. Their argument hinges on the idea that Van Dorn could have, by simply waiting, discovered that Peters was not actually going to execute the Guaranty. In response Van Dorn asserts that Illinois law permits a person to rely on the representations of another without independent investigation, and a reasonable trier-of-fact could find that her reliance on the promise was reasonable under the circumstances.

This court, sitting in diversity, must apply Illinois law as it believes it would be applied by the Illinois Supreme Court. *Baltzell v. R & R Trucking Co.*, 554 F.3d 1124, 1130 (7th Cir. 2009). In the controlling authority from the Illinois Supreme Court, guidance should be taken from the decisions of Illinois appellate courts "unless there are persuasive indications that the state supreme court might rule otherwise." *Rennert v. Great Dane Ltd. P'ship*, 543 F.3d 914, 916 (7th Cir. 2008).

On the question of justifiable reliance, the Illinois Supreme Court has stated that "one is justified in relying upon the representations of another, without independent investigation, where the person to whom the representations are made does not have the same ability to discover the truth as the person making the representations." *Gerill Corp. v. Jack L. Hargrove Builders, Inc.*, 538 N.E.2d 530, 537 (Ill. 1989). A court may determine that reliance was unjustified as matter of law "when no trier of fact could find that it was reasonable to rely on the alleged statements or when only one conclusion can be drawn." *Tirapelli v. Advanced Equities, Inc.*, 813 N.E.2d 1138, 1142 (Ill. App. 2004) (internal quotations omitted). Here, no reasonable trier of fact could find from the facts presented in the

5

pleadings that Van Dorn was coerced to act without the ability to discover whether or not Peters would execute the Guaranty. Accordingly her reliance on Peters' oral promise was not justified as a matter of law.

As this Court noted in its order dismissing Van Dorn's original complaint, reasonable or justifiable reliance (terms used interchangeably in this context) is a necessary element for promissory fraud, equitable estoppel, promissory estoppel, and claims under Illinois securities law. As this element is not present here, all those claims are dismissed.

*Constructive Fraud*

Peters argues that all of Van Dorn's fraud-based claims, including her claim for constructive fraud, must fail in the absence of justified reliance. Jakubowski incorporates that argument by reference, and additionally argues that Van Dorn's constructive fraud claim fails because the complaint does not permit an inference that Jakubowski breached his fiduciary duties.

"To state a claim for constructive fraud, a plaintiff must allege facts establishing the breach of duty arising from a fiduciary or confidential relationship whereby the fiduciary has profited." *Hoopingarner v. Stenzel*, 768 N.E.2d 772, 778 (Ill. App. 2002). As discussed above, the complaint does not permit an inference that Peters owed Van Dorn any fiduciary duties, but does state a claim for breach of fiduciary duties against Jakubowski. However, Van Dorn has not alleged facts from which the Court can infer that Jakubowski personally profited from his alleged breach. Accordingly, Van Dorn's claim for constructive fraud against both Peters and Jakubowski fails.

*Conspiracy*

Defendants move to dismiss Van Dorn's conspiracy claim on the grounds that it is insufficiently pled. To state a claim for civil conspiracy, a plaintiff must allege that two or more persons came together "for the purpose of accomplishing by some concerted action either an unlawful purpose or a lawful purpose by unlawful means . . . in the furtherance of which one of the conspirators

6

committed an overt tortious or unlawful act." *Fritz v. Johnston*, 807 N.E.2d 461, 470 (Ill. 2004). Here Van Dorn has alleged that Peters and Jakubowski worked together to obtain the third loan through the unlawful of act of concealing their knowledge that Peters did not intend to execute the Guaranty. Because the complaint states a claim that Jakubowski's concealment of this fact constituted a breach of his fiduciary duties, Van Dorn has adequately pled a claim for conspiracy to breach fiduciary duties.

**Conclusion**

For the foregoing reasons, Defendants' motions to dismiss [41] and [46] are granted in part and denied in part. Counts I, IV, V, VI, VII, and VIII are dismissed with prejudice. Counts II and III remain.

IT IS SO ORDERED.

_____
SHARON JOHNSON COLEMAN
United States District Judge

DATED: January 29, 2016